UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TYRONE KEYS,

      Plaintiff,

v.                                    Case No: 8:18-cv-2098-T-36JSS

BERT BELL/PETE ROZELLE NFL
PLAYER RETIREMENT PLAN and NFL
PLAYER DISABILITY AND
NEUROCOGNITIVE BENEFIT PLAN,

      Defendants.
_____/

## ORDER

      THIS MATTER is before the Court on Defendants'/Counter-Plaintiffs' Motion to Compel

Written Discovery and Deposition Testimony ("Motion to Compel") (Dkt. 42), with Plaintiff's

response in opposition (Dkt. 45), and Plaintiff's Motion for Protective Order Regarding

Defendants' Subpoenas of Plaintiff's Bank Records ("Motion for Protective Order") (Dkt. 44),

with Defendants' response in opposition (Dkt. 47). For the reasons set forth below, the Motion to

Compel is granted in part and denied in part, and the Motion for Protective Order is denied.

## BACKGROUND

      Plaintiff, Tyrone Keys, played football in the National Football League ("NFL") from 1983

to 1989, when he retired due to injuries. (Dkt. 35 ¶ 5.) Following his retirement, Plaintiff received

benefits from the Defendants' plans. (Dkt. 35 ¶ 12–19.) In August of 2017, Defendants allegedly

terminated Plaintiff's benefits, claiming he had been improperly overpaid. (Dkt. 35 ¶ 31.) Plaintiff

sues Defendants under the Employee Retirement Income Security Act ("ERISA") for a declaration

of his rights under the plans (Count I), for benefits under the plans (Count II), and for equitable

estoppel under the plans (Count III). (Dkt. 35.) In response, Defendants filed a counterclaim

seeking to recover overpaid benefits from Plaintiff. (Dkt. 39.) On July 8, 2019, Plaintiff answered

Defendants' counterclaims. (Dkt. 40.) In the Motion to Compel, Defendants move the Court to

compel Plaintiff to respond to discovery requests and to compel Plaintiff and his spouse to submit

to a deposition. (Dkt. 42.) In the Motion for Protective Order, Plaintiff moves the Court to quash

two bank subpoenas seeking Plaintiff's personal bank records. (Dkt. 44.)

## APPLICABLE STANDARDS

A party is entitled to "discovery regarding any nonprivileged matter that is relevant to any

party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

"Proportionality requires counsel and the court to consider whether relevant information is

discoverable in view of the needs of the case." *Tiger v. Dynamic Sports Nutrition, LLC*, 2016 WL

1408098, at *2 (M.D. Fla. Apr. 11, 2016). "Information within this scope of discovery need not

be admissible in evidence to be discoverable." *Id.* A party may move for an order compelling

disclosure or discovery. Fed. R. Civ. P. 37. The Court has broad discretion in managing pretrial

discovery matters and in deciding to compel. *Josendis v. Wall to Wall Residence Repairs, Inc*.,

662 F.3d 1292, 1306 (11th Cir. 2011); *Perez v. Miami-Dade Cnty*., 297 F.3d 1255, 1263 (11th Cir.

2002).

A court must quash or modify a subpoena that "requires disclosure of privileged or other

protected matter, if no exception or waiver applies." *Id.* at 45(d)(3)(A)(iii). Further, a protective

order may be issued for good cause to protect a person from annoyance, embarrassment,

oppression, or undue burden or expense, by forbidding the discovery, forbidding inquiry into

certain matters, or limiting the scope of disclosure or discovery to certain matters. *Id.* at

26(c)(1)(A), (D). The party seeking a protective order has the burden of demonstrating good cause.

*Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429–30 (M.D. Fla. 2005).

"'Good cause' is a well established legal phrase. Although difficult to define in absolute terms, it generally signifies a sound basis or legitimate need to take judicial action." *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987).

## ANALYSIS

The motions at issue raise a dispute about the proper scope of discovery on Defendants' counterclaims. While discovery in ERISA cases is governed by Rule 26(b), which permits discovery of information that is relevant to any party's claim or defense and proportional to the needs of the case, the scope of discovery in ERISA cases is also integrally linked to the standard of review applied in each case. *Hawkins v. Arctic Slope Reg'l Corp.*, 344 F. Supp. 2d 1331, 1333 (M.D. Fla. 2002). There are three standards of review in ERISA benefit determination cases: (1) de novo, when the plan does not grant the administrator discretion to determine eligibility for benefits or to construe the terms of the plan; (2) arbitrary and capricious, when the plan grants the administrator discretion; and (3) heightened arbitrary and capricious, when there is a conflict of interest, such as when an administrator both insures the plan and makes the final claims decision. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 109 (1989); *Buckley v. Metro. Life*, 115 F.3d 936, 939 (11th Cir. 1997). When reviewing a denial of benefits under the de novo standard of review, the court may examine evidence beyond that which was presented to the administrator at the time the denial decision was made. *Moon v. Am. Home Assurance Co.*, 888 F.2d 86, 89 (11th Cir. 1989). On the other hand, under an arbitrary and capricious standard of review, the district court is limited to "the facts as known to the administrator at the time the decision was made." *Jett v. Blue Cross & Blue Shield of Ala., Inc.*, 890 F.2d 1137, 1139 (11th Cir. 1989); *see also Lee v. Blue Cross/Blue Shield of Ala.*, 10 F.3d 1547, 1550 (11th Cir. 1994) (looking "only to

the facts known to the administrator at the time the decision was made" in a heightened arbitrary and capricious standard case).

However, Defendants' counterclaims are not claims challenging a denial of benefits, which might be subject to a narrow standard of review. *See Firestone*, 489 U.S. at 115. Defendants bring their counterclaims for reimbursement under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), which allows a plan fiduciary "to bring civil suits 'to obtain other appropriate equitable relief . . . to enforce . . . the terms of the plan.'" *Montanile v. Bd. of Trs. of Nat'l Elevator Indus. Health Benefit Plan*, 136 S. Ct. 651, 657 (2016) (quoting 29 U.S.C. § 1132(a)(3)). Because "these actions do not benefit from the administrative process," case law "does not constrain discovery under ERISA § 502(a)(3) actions." *Jensen v. Solvay Chems., Inc.*, 520 F. Supp. 2d 1349, 1355 (D. Wyo. 2007) (explaining that "a finding that claims arise from ERISA § 502(a)(3) reverts discovery into the traditional realm and is governed under traditional federal, circuit, and local procedure"). Indeed, many district courts have allowed broader discovery in actions under ERISA § 502(a)(3). *See Milby v. Liberty Life Assurance Co. of Boston*, No. 3:13-CV-487-CRS, 2016 WL 4599919, at *4–5 (W.D. Ky. Sept. 2, 2016); *Moran v. Life Ins. Co. of N. Am. Misericordia Univ.*, No. 3:cv–13–765, 2014 WL 4251604, at *9 (M.D. Pa. Aug. 27, 2014); *Jones v. Allen*, No. 2:11–cv–380, 2014 WL 1155347, at *8 (S.D. Ohio Mar. 21, 2014); *Winburn v. Progress Energy Carolinas, Inc.*, No. 4:11–3527–RBH, 2013 WL 3880149, at *3–4 (D.S.C. July 25, 2013); *Malbrough v. Kanawha Ins. Co.*, 943 F. Supp. 2d 684, 691–93 (W.D. La. 2013); *Mainieri v. Bd. of Trs. of Operating Eng'rs Local 825 Pension Fund*, No. 07–1133 (PGS), 2008 WL 4224924, at *4 (D.N.J. Sept. 10, 2008).

Defendants' discovery requests focus on the amount of overpayments Plaintiff received from the plans and whether Plaintiff has any assets traceable to the overpayments. (Dkt. 42 at 2.) Plaintiff makes two objections to Defendants' discovery requests. First, Plaintiff argues that

Defendants are not entitled to discovery on their counterclaims because they failed to exhaust their administrative remedies prior to filing suit. (Dkt. 45 at 3–6.) Defendants counter that they are not required to exhaust any administrative remedies. *See Jensen*, 520 F. Supp. 2d at 1356 (finding that claims under ERISA § 502(a)(3) are exempt from the "standard ERISA exhaustion requirement"); *Reliance Standard Life Ins. Co. v. Smith*, No. 3:05-CV-467, 2006 WL 2993054, at *3 (E.D. Tenn. Oct. 18, 2006) ("As Reliance is not a beneficiary/participant under the plan, it is not required to exhaust any administrative procedures on the overpayment claim."). Given the procedural posture of the case, Plaintiff's affirmative defense concerning exhaustion of administrative remedies may be decided on summary judgment or at trial. Nevertheless, while the counterclaims are pending, the parties "may obtain discovery regarding any nonprivileged matter that is relevant to" the claims. Fed. R. Civ. P. 26(b)(1); *see also Horne v. Potter*, No. 07-61829-CIV-DIMITROULEAS/ ROSENBAUM, 2009 WL 10666885, at *4 (S.D. Fla. Jan. 27, 2009) ("Under these circumstances, where the requested information is relevant to a claim in the case and therefore falls within the scope of Rule 26, the Court will not preclude discovery simply because the USPS claims as an affirmative defense failure to exhaust administrative remedies.").

Second, Plaintiff argues that discovery should not be allowed where a claim for reimbursement is not authorized by the plans. (Dkt. 44 at 2–5; Dkt. 45 at 6–11.) Plaintiff argues that, in this case, the plans authorize Defendants to "[r]ecover any overpayment of benefits through reduction or offset of future benefit payments *or* other method chosen by the Retirement Board." (Dkt. 44-3 at 11.) Plaintiff argues that the "or" in that provision precludes Defendants from offsetting future benefits—which they have already done—and also making a counterclaim for reimbursement. (Dkt. 44 at 5.) In response, Defendants argue that the terms of the plans are intended to give the administrators "the broadest possible power and authority to recover over

payments" and that the Court should defer to the administrators' interpretation of the plans. (Dkt. 47 at 10–11.)

On August 27, 2019, Plaintiff filed a motion for leave to file an amended answer specifically alleging this issue as an affirmative defense. (Dkt. 46.) On October 2, 2019, the Court granted the motion (Dkt. 52) and on October 7, 2019, Plaintiff filed his amended answer (Dkt. 53). Accordingly, based on the procedural posture of this case, this is also an issue that may be decided on summary judgment or at trial. The Court will not rule on the merits of Plaintiff's affirmative defense—that is, whether reimbursement is authorized by the plans—at the discovery stage. *See Kaminsky v. Nat'l Bureau Collection Corp.*, No. 07-61604-CIV-DIMITROULEAS/ ROSENBAUM, 2008 WL 11330717, at *4 (S.D. Fla. Oct. 15, 2008) (noting that it is "not appropriate for the Court to opine on" the viability of an affirmative defense on a discovery motion).

Further, the discovery sought by Defendants goes directly to the issues that must be established "to succeed on a Section 1132(a)(3) claim." *Herman v. Metro. Life Ins. Co.*, 689 F. Supp. 2d 1316, 1330 (M.D. Fla. 2010). In *Herman*, the defendant argued that the court "should enter judgment in its favor on the reimbursement claim and then permit it to conduct discovery in aid of execution to determine whether there is an identifiable fund as to which it has a claim under Section 1132(a)(3)." *Id.* at 1331. However, the court held that the discovery the defendant sought would "determine *whether* it is entitled to bring a Section 1132(a)(3) claim fruition, *i.e.*, to judgment," and therefore should have been obtained "during the regular discovery period." *Id.* (emphasis in original). Similarly, Defendants may seek discovery to support their Section 1132(a)(3) claims.

Nonetheless, the Court retains an obligation to limit discovery that is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). Accordingly, as Defendants have already issued subpoenas directly to Plaintiff's banks, the Court will deny the Motion to Compel as to request for production numbers three and four seeking the same records.[1] The Court also denies the Motion to Compel as to request for production numbers one and two, and interrogatory number one as Plaintiff's responses directed Defendants to the previously produced records which contain the responsive information. *See* Fed. R. Civ. P. 33(d).

Accordingly, it is **ORDERED**:

1. Defendants'/Counter-Plaintiffs' Motion to Compel Written Discovery and Deposition Testimony (Dkt. 42) is **GRANTED IN PART** and **DENIED IN PART**;

   a. The motion is **GRANTED** as to interrogatory numbers two through six. Plaintiff must respond to these discovery requests by October 25, 2019;

   b. The motion is **DENIED** as to request for production numbers one through four and interrogatory number one;

   c. Plaintiff and his wife, Bessie Keys, must appear for deposition by November 1, 2019; and

---

[1] It appears that Defendants have already received some bank records which are pending review until resolution of the instant motions. (Dkt 47 at 5 n.3.)

2. Plaintiff's Motion for Protective Order Regarding Defendants' Subpoenas of Plaintiff's Bank Records (Dkt. 44) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida, on October 10, 2019.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record